IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NANCY LUCILE PATTERSON RIZOR    )
                                )
v.                              ) NO. 3:07-1286
                                ) JUDGE CAMPBELL
SUSAN COOPER, et al.            )

TEMPORARY RESTRAINING ORDER

Pending before the Court is a Motion For Temporary Restraining Order filed by the Plaintiff. The Motion asks this Court, among other things, to issue a Temporary Restraining Order ("TRO") enjoining Defendants from involuntary transfer of Plaintiff from McKendree Health Center, Hermitage, Tennessee ("McKendree"), and enjoining Defendants from ceasing to make Medicaid payments to McKendree for the benefit of Plaintiff, pending a hearing and determination of Plaintiff's Motion for Preliminary Injunction.

The Court held a hearing on the Motion on December 28, 2007, at 3:30 p.m., which was attended by counsel for all parties.

For the reasons described below, the Motion is GRANTED in part on the terms and conditions stated herein and DENIED in part.

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006).

Based on the Motion, Declarations, pleadings, representations of counsel and the entire record, the Court finds:

(1) Plaintiff has demonstrated a strong or substantial likelihood of success on the merits of her request for enjoining involuntary transfer. Specifically, the Court finds that the Fourth Amendment prohibits the State Defendants from seizing Plaintiff, who is 103 years old, and involuntarily transferring her to another facility or elsewhere without appropriate procedural due process. Center for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 826 (6th Cir. 2007). In addition, any such seizure raises substantive due process concerns based on (1) the State's special relationship with Plaintiff and (2) the State creating a danger which could lead to Plaintiff's harm. Hudson v. Hudson, 475 F.3d 741, 745 (6th Cir. 2007).

The Court finds that Plaintiff has not demonstrated a strong or substantial likelihood of success on the merits of her request for enjoining the Defendants from ceasing to make Medicaid payments to McKendree for the benefit of Plaintiff, based upon the case of O'Bannon v. Town Court Nursing Center, 100 S.Ct. 2467 (1980), which holds that, under these circumstances, Defendants' actions do not amount to a deprivation of any interest in life, liberty or property. In addition, such an injunction requiring State expenditures would likely be barred by the Eleventh Amendment. Ernst v. Rising, 427 F.3d 351, 370 (6th Cir. 2005).

(2) Plaintiff has demonstrated that she will suffer immediate and irreparable injury, harm, loss, or damage if she is forcibly removed from McKendree pending a preliminary injunction hearing. Specifically, the Court finds that Plaintiff's physician, Dr. Robert Henderson, has testified that, in his opinion, to a reasonable degree of medical certainty, Plaintiff should not be moved from where she is unless absolutely necessary. Declaration of Robert Henderson, M.D. (Exhibit 1 to

Motion for Temporary Restraining Order). "She is settled in and will experience transfer trauma that for her is a severe illness because of her advanced age and medical condition." Id.

(3) The balance of relative harms among the parties weighs in favor of Plaintiff against Defendants as to the Fourth Amendment issue.

(4) The public interest will not be harmed by enjoining Defendants from forcibly removing Plaintiff from McKendree pending a preliminary injunction hearing.

Under the circumstances of this case, no bond is required.

It is, therefore, ordered, pursuant to Federal Rule of Civil Procedure 65, that the State Defendants, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby restrained and enjoined from involuntarily transferring Plaintiff from McKendree pending a preliminary injunction hearing in this case.

This Temporary Restraining Order shall expire at midnight on January 14, 2008. Fed. R. Civ. P. 65(b) and 6(a). Any hearing on a motion for preliminary injunction will be heard by the trial judge, U.S. District Judge William J. Haynes.

This Temporary Restraining Order is effective upon its issuance on December 28, 2007, at 6:00 p.m.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE